THOMAS, Justice.
The order of the deputy commissioner granting compensation and certain expense monies to the widow of a workman who was injured and who died as a result of his injuries, was signed 24 June- 1954. Attached to the deputy’s order was his certificate that a copy of the order was sent by registered mail to the claimant and the employer the same day the order was signed. The attorneys for the employer and carrier applied for a review on grounds not necessary to be detailed. The application, as it appears in the record, bears this notation: “Received by hand in person July 15th, 1954. James R. Hansford /s/ Deputy Commissioner.”
The full commission entered an order, 8 September 1954, dismissing the application because twenty-one days had elapsed between the date the order of the deputy commissioner was mailed and the date of the presentation of the application. The commission cited Section 440.25(4), Florida Statutes 1953, and F.S.A., which provides that “The compensation order rendered by the deputy commissioner shall become final twenty days after the date copies of same are mailed to the parties at the last known address of each, unless within said time any interested party shall make and file with the commission at Tallahassee an ap *488 plication for a review thereof by the full commission.” (Italics supplied.)
The petitioner, in his challenge of the dismissal order, seeks comfort in the preceding subsection, 440.25(3) (c), Florida Statutes 1953, and F.S.A., requiring that an order rejecting or approving a claim be filed in the office of the commission at Tallahassee and be mailed to the claimant and the employer “with the date of mailing noted thereon.” He insists that the time for seeking a review by the commission should be computed from date of filing in Tallahassee and not from the date the deputy commissioner mails the copies of his order. We do not accept this view.
In their brief, the petitioners frankly state that they have been unable to find any decisions construing these sections but they cite cases dealing with the effective date of judgments entered in courts of law.
We think those decisions are not apposite. The law governing the time within which an application for review by the full commission must be filed is perfectly clear. In this case it cannot be disputed that the time began to run on the twenty-fourth day of June and the application was not filed until the fifteenth day of July, twenty-owe days afterward. Obviously the commission was correct in entering the order of dismissal.
Our desire to decide the point is the ostensible conflict between the present ruling and the decision in American Airmotive Corp. v. Stutz, Fla., 72 So.2d 665. The difference in the cases arises from the fact that the administrative review by the full commission is regulated by the statute that authorize^ the review while petitions for review by this Court are governed by our rules with reference to writs of certiorari which this Court is empowered under the Constitution to issue and control. Wilson v. McCoy Mfg. Co., Fla., 69 So.2d 659.
The petition is denied.
ROBERTS, C. J., and HOBSON and DREW, JJ., concur.