TERRELL, Justice.
At a hearing before the Deputy Commissioner held June 17, 1955, claimant was awarded compensation plus medical expenses, attorneys fees and court costs. July 6, 1955, 19 days after copies of said order were mailed to the parties, the employer-carrier filed application for review of Deputy’s order but said application was not filed with the Commission at Tallahassee until July 8, 21 days after its entry. July 6, carrier filed carbon copy of application for review with Deputy Commissioner, 19 days after entry of said order but within 20 days provided by statute. The full Commission denied motion to dismiss application for review, holding that the copy of the application filed with the Deputy within 20 days complied with Rule 4 of the Commission.
*103 ■ We are confronted with a petition for certiorari to review the order of the full Commission vacating- the order of the Deputy Commission with directions to -make further investigation as he .may deem necessary in the light of Hardy v. City of Tarpon Springs, Fla.1955, 81 So.2d 503.
Petitioner raises two questions, viz.: (1) Is filing a carbon copy of. application for review with the Deputy Commissioner within the time required by the statute compliance with Sec. 440.25(4) (a) when the original is admittedly received in Tallahassee one day late? (2) May the Commission change the statute by rule, particularly Rule 4, the effect of which is to provide that filing with the Deputy shall constitute filing with the Commission at Tallahassee? Respondents also argue two questions, viz.: (1) Certiorari will not lie to review an order of the full -Commission which vacates an order of the Deputy Commission and remands the cause for further consideration. (2) Same as (2) raised by petitioner.
Answering respondents’ contention that constitutional or common law certiorari lies only to final judgments, decrees or orders, that the order of the full Commission is not such an order and being so petition for certiorari should be denied, it is enough to say that in our view the'order of the full Commission denying the motion to dismiss was to all intents and purposes a final order as to the time within which application for review must he filed and met, ail requirements of the rule authorizing request for certiorari.
The pertinent part of Sec. 440.25(4) (a), Florida Statutes 1953 and 1955, F.S.A., is as follows:
“The compensation order * * * shall become final twenty days after the date copies * * * are mailed to the parties * * * unless within said time any interested party shall make and file with the commission at Tallahassee an application for a review thereof by the full commission. * * ”
The pertinent part of Rule 4(a) adopted by the • Commission effective October 1, 1953,'is as follows:
“Applications for review of decisions of Deputy Commissioners must be filed with the Commission at Tallahassee within twenty days after the date copies of the Deputy’s orders are mailed * *. Filing said application with a Deputy Commissioner shall constitute filing with the Commission at Tallahassee. * ■ * * ”
There is no dispute as to the time of filing carbon copy of the application with the Deputy or the receipt of the application at Tallahassee.
An examination of the applicable provisions of Sec. 440.25(4) (a), Florida Statutes 1953 and 1955, F.S.A., and Commission Rule 4(a) quoted above discloses conflict. -The statute requires the application' for review to be filed with the Commission at Tallahassee within 20 days but Rule 4(a) permits filing with the Deputy Commissioner to have the same effect. Filing a copy with the Deputy Commissioner in Miami on the 19th day and mailing the application to the Commission where it was received on the 21st day obviously enlarged the time fixed by the statute and was a deviation from the essential requirements of law.
In H. W. Sperry, Inc., v. Matthews, Fla., 76 So.2d 487, this court held that filing an application for review 21 days after the order of the Deputy Commissioner is in violation of the statute. In that case it will be observed that the application was filed with the Deputy Commissioner 21 days after his (Deputy’s) order and did not present the question presented here, that the application was timely made to the Deputy but was too late to the full Commission.
Section 440.25(4)' (a), as amended in 1953 and 1955, provides that “any interested party shall make and file with the commission at Tallahassee an application for a review thereof by the full commission.” Pri- or to the 1953 amendment, subsection 4‘ of Sec. 440.25, Florida Statutes, read in part *104 as follows: “Any interested party may make and file with the commission an application for review thereof by the full commission * * *.”
Workmen’s compensation is statutory, hence all rules and regulations defined by statute supersede and overrule those prescribed by the full Commission. The words “shall” and “Tallahassee” were added to the statute by the legislature of 1953. When the latter controls the place of filing, any attempted change by the Commission would unlawfully affect the jurisdictional mandate of the legislature and would in effect extend the time allowed for talcing an appeal since it is apparent that it would require one more day to file an appeal in Tallahassee than it would to file a carbon copy of it in Miami!
For the reasons so stated, certiorari is granted and the order of the full Commission is quashed.
DREW, C. J., and HOBSON and BUFORD, JJ., concur.