DREW, Chief Justice.
This case presents the question of whether or not the Florida Industrial Commission can review a deputy commissioner’s compensation order in a workmen’s compensation case when the application for review was filed with the deputy commissioner within twenty days but was filed with the commission at Tallahassee over twenty days after copies of the compensation order were mailed to the parties at their last known address. The commission is without jurisdiction to review an order under these circumstances.
On October 7, 1955, the deputy commissioner mailed copies of his order to the interested parties. The respondents filed an application for review of this order with the commission at Tallahassee, October 28, 1955. The governing statute, Sec. 440.25 (4), Florida Statutes 1953; Sec. 440.25(4) (a), Florida Statutes 1955, F.S.A., provides:
“The compensation order rendered by the deputy commissioner shall become final twenty days after the date copies of same are mailed to the parties at the last known address of each, unless within said time any interested party shall make and file with the commission at Tallahassee an application for a review thereof by the full commission in accordance with the provisions of this subsection * *
The commission refused to dismiss the application upon proper motion and entered its own order after considering the case. The commission’s order must be and is hereby quashed on the authority of Fournigault v. Jackson Memorial Hospital, Fla. 1956, 87 So.2d 102, and Sperry v. Matthews, Fla.1954, 76 So.2d 487.
In deference to the full commission it should be pointed out that Fournigault v. Jackson Memorial Hospital, supra, was decided by this Court afief the date of the entry of the order here under review.
O’CONNELL, ROBERTS and BUFORD, JJ., concur.