THOMAS, Justice.
The employee, Aaron Pittman, was injured while working as a plasterer. There was no arrangement between him and his employer about the number of hours he should work each day or the number of days he should work each week. At the time of the injury he had been employed for four weeks earning about $94 each week.
The lone issue is the propriety of the ruling fixing the average weekly wage but to resolve it, we must pass upon the validity of a rule adopted by the Florida Industrial Commission relative to computation of compensatory benefits for an employee who has, at the time of his injury, worked for a shorter period than 13 weeks.
Under Sec. 440.14, Florida Statutes 1953, and F.S.A., Workmen’s Compensation Law, the average weekly wages of an injured workman form the basis for calculation of the compensation to which he is entitled. This general rule is subject to a provision in paragraph (2) of the section that in the event the injured employee shall not have worked at his job “substantially” the whole period of 13 weeks immediately preceding the injury, the wages of a similar employee in the same employment who has worked substantially the whole of such 13 weeks shall be used in determining the amount of compensation.
Inasmuch as Aaron Pittman had worked for only four weeks, at an hourly rate of $3, it was necessary to resort to the record of another employee, engaged in similar work for a period of 13 weeks, in order to determine the claimant’s average weekly wage. The only fellow-worker who had done similar work for approximately that length of time had earned an average of $98.08 a week.
*824 While the claimant was temporarily totally disabled, he was entitled to $35 per week and this was paid by the carrier with protest.
Later the claimant returned to work on a part-time basis at a wage of $3 an hour but without assurance of the number of hours or days he would be kept busy. After working for approximately six months, he entered the employment of one Louis Phillips, and a month later he left Phillips and returned to the employ of Joseph Wilkes on the same basis. After another three months passed, the claimant became a full-time, instead of a part-time, employee of Wilkes. This was 11 June 1955, said to have been the date of maximum recovery.
At the hearing, the deputy commissioner fixed claimant’s average weekly wage at $120, $3 an hour for five eight-hour days each week, instead of $98.08, the amount earned weekly by the only co-worker similarly engaged, and the full commission concurred. The larger amount was allowed under a resolution of the full commission, adopted 28 June 1955 defining the word “substantially” as used in Sec. 440.14(2) supra. In this resolution it was provided that the phrase “during substantially the whole of thirteen weeks” should be construed to mean “during not less than 90 per cent of the total customary full-time hours of employment within such period considered as a whole.”
The petitioners challenge the authority to promulgate the rule, and to support their attack they cite our decision in Fournigault v. Jackson Memorial Hospital Standard Acc. Ins. Co., Fla., 87 So.2d 102. True we held in that case that the commission could not by rule or regulation supersede those defined by the statute. The petitioners earnestly contend that the commission, in effect, by the adoption of the rule, substituted an “arbitrary and inflexible definition for terminology deliberately left [by the' legislature] flexible and elastic * *
A further analysis of the parts of Sec. 440.14, supra, paragraphs (1), (2) and (3), relative to the basis on which compensation of an injured employee should be computed, seems now appropriate.
Under the first of these the average weekly wage o f a worker who has served during “substantially the whole of thirteen weeks” would be, simply, one-thirteenth of the total amount earned. There is no need for discussion of this paragraph because it is not involved in the present litigation-
It is provided in the second paragraph that if the injured workman has not worked for the period specified in the first paragraph “the wages of a similar employee in the same employment who has worked substantially the whole of such thirteen weéks shall be used” in making the computation specified in the first paragraph. We italicize the word “substantially” for reasons soon to be clear.
By the third paragraph it is provided! that if the methods in the first two cannot “reasonably and .fairly be applied the full time weekly wages of the injured employee shall be used * * *.”
It was decided by the full commission that the record of the fellow workman engaged in work similar to claimant’s was not acceptable as a measure of claimant’s weekly wage because he had not, according to the commission’s rule, worked in the same employment for ninety per cent of the thirteen-week period, this percentage having been fixed in the rule as a definition of “substantial” service for the stated period. By this construction the provisions of paragraph (2) were eliminated as determinative of the average weekly wage, and the commission turned to paragraph (3) and computed this wage on the basis of full-time-employment as follows: The claimant earned $3 hourly which would amount to $120* for a forty-hour week at that rate.
The key word in the statute and the one-the commission strove by the rule to de-. *825 fine is “substantially.” It is a very respectable word, but one most difficult to define. We think the petitioners need not fear that because of the commission’s brave effort, the meaning will become so crystallized that unjust administration of the act will result or that the legislative purpose of flexibility will be thwarted. The rule prescribes a length of service measured as “90 per cent of the total customary full-time hours,” etc. We have italicized the word which we assume makes the rule adjustable to the particular job in question.
We think the commission must in the proper administration of Workmen’s Compensation Law construe, and in construing define, the language throughout- the act and we see no abuse of its powers in undertaking to interpret the statute here involved by one rule as distinguished from construction peculiar to each case arising under it. The action of the commission should not be disturbed “except .for the most cogent reasons, and unless clearly erroneous.” King v. Seamon, Fla., 59 So.2d 859, 861; State ex rel. Woodward v. Lee, 114 Fla. 855, 155 So. 138, 142. Unquestionably, so defining the word “substantially” will standardize throughout the State interpretation of the provisions of the statute relative to situations such as the one under study.
The fixing of substantial service as 90 per cent is in a sense arbitrary but so would he the action of deputy commissioners, and perhaps of the full commission, in setting this figure at Various amounts in various contests bound to arise when the determination of “substantial” service would arise.
We do not consider the adoption of the Tule erroneous; we do not consider that cogent reasons have been given justifying our holding it invalid.
The petition is denied.
TERRELL, C. J., ' and DREW and O’CONNELL, JJ;, concur.