TERRELL, Chief Justice.
Coleman, the claimant, was injured while in the employment of respondent, Burnup and Sims, Inc. His injury occurred two and one-half weeks after he was employed, making recovery depend on Section 440.14 (2), Florida Statutes, F.S.A. as follows:
“If the injured employee shall not have worked in such employment during substantially the whole of thirteen weeks immediately preceding the injury, the wages of a similar employee in the same employment who has worked substantially the whole of such thirteen weeks shall be used in making the determination under the preceding paragraph.”
The point for determination is whether or not under the facts related there is competent substantial evidence to sustain the finding of the Deputy Commissioner as to the average weekly wage used as a basis for the computation of compensation for the claimant.
Rule 15(a) of the Florida Industrial Commission, upheld in Wilkes & Pittman v. Pittman, Fla. 1957, 92 So.2d 822, defines the pertinent portions of the statute [F.S. § 440.14(2), F.S.A.] quoted above and is as follows:
"15(a) The phrase, ‘substantially the whole of thirteen weeks,’ as used in Section 440.14(1), Florida Statutes, shall be deemed to mean and refer to a constructive period of thirteen weeks as a whole, i. e., a consecutive period of ninety-one days, and ‘during substantially the whole of thirteen weeks’ shall be deemed to mean not less than 90 per cent of the total customary full-time hours of employment within such period considered as a whole.” (Emphasis supplied).
Pursuant to the quoted statute the Deputy Commissioner adopted the wage scale of one Homer Mosely as a yardstick, thus finding him [Mosely] to be a “similar employee” and in so doing awarded the claimant a weekly wage of $41.58.
Claimant contends there is no competent substantial evidence that Mosely was a “similar employee” because his [Mosely’s] address was Route 2, Gaines-ville, Florida, while claimant was working in West Palm Beach during the two and one-half weeks of his employment. Claimant also insists that if correctly used, Mosely’s average weekly wage would equal $48 per week if properly computed under Rule 15(a) supra. This contention is based on the assumption that only those weeks should be included during which Mosely worked 90% or more of the total customary full time hours. The rule provides that “during ‘substantially the whole of thirteen weeks’ shall be deemed to mean not less than 90% of the total customary full time hours of employment within such period considered as a whole.” It would accordingly seem obvious that no one week may be isolated for the purpose of determining whether it conforms to the 90% test, so the percentage computation must be applied to the entire 13 week period.
What then could be the purpose of the test for determining the claimant’s average *897 weekly wage under the provisions of the quoted statute considered in connection with the quoted rule? It is apparent that the only purpose of so doing is to determine as nearly as possible the amount of average wages the claimant would have earned if he had not been injured but had continued in his employment. The quoted statute and rule were promulgated for this purpose The record discloses testimony on such matters as time lost account of voluntary absence, sickness in family et cetera by employees doing the same work as claimant. The cause of lost time is meaningless when absence of a “similar employee” is applied to a claimant. The claimant may have been a faithful worker eager to earn as much as possible, he and his family may be healthy, while the “similar employee” may like to fish instead of work, and there may be sickness in the family necessitating his absence. To compensate for such deficiencies among employees the Commission required that the “similar employee” must have worked not less than 90% of the total customary full time hours within the thirteen weeks period.
It follows that the proper test to guide one would be to take a “similar” employee who does the same type of work, and one who is working in the same locality, and if possible one who worked in the same crew. In a statewide operation such as here, the employer with a crew working in Orlando may have a 13 week period of clear weather in which each man may work the full customary work hours, while in West Palm Beach rain might reduce the working hours in the same period to one-half or one-third of that available to the crew in Orlando. In such case a willing employee in West Palm Beach could work only one-half or one-third as much time as one in Orlando. Should claimant’s wages be computed on the basis of the Orlando workman? The Deputy Commissioner who heard the testimony gave the following answer:
“If you had brought in a statement at least of the various men employed in the same crew with the claimant, in the same locality, for as long as possibly up to 13 weeks before his injury, then you would have a complete statement of the whole picture, and there wouldn’t be any question about it.” [R. 41]
The record and briefs have been carefully reviewed. It is true, as asserted by respondents, that it is not shown where Mosely worked, or that he worked under substantially different conditions than claimant. It is also true that his address was Route 2, Gainesville, Florida, and that respondents did not show that he worked in the same locale as claimant under substantially the same conditions. Mosely did not testify. The office manager of the employer positively testified that Mosely was not from the same group or a comparable group as claimant. [R. 19]
This reasoning presents the following: What were the total customary full time hours for the 13 week period prescribed by the statute? The order of the Deputy Commissioner recites that payroll records of various employees who worked in similar employment for the same company during substantially the whole of 13 weeks preceding claimant’s injury had been submitted for consideration and “from a review of the evidence * * * the wages of one Homer Mosely, averaging $41.58 per week, fairly represent the wages of an employee who worked during such thirteen week period prior to the claimant’s injury * * it concludes that these wages should be used in computing claimant’s compensation. Nowhere is there any finding of fact as to what constituted the “total customary full time hours of employment within the period considered as a whole.” Absent such finding it is impossible to apply the 90% test to determine whether Mosely’s wage scale is a proper yardstick under Section 440.14(2) and Rule 15 supra. It is to be noted that the Full Commission stated in its order of affirmance that there is testimony that a normal work week was 40 hours. The Deputy made no *898 finding as to the “normal work week.” In stating the question presented, respondent speaks of a work week of 9 hours a day, S days a -week.
In Fischer v. John W. Thomson & Son, Inc., Fla.1957, 92 So.2d 526, 527, we said:
“Because of the weight given to the conclusions of a deputy commissioner in any review of a compensation order it is of prime importance that the order contain the findings of fact upon which the conclusion is based. The reviewing authority is then in a position to measure the findings of fact by the presence or absence of competent substantial evidence in the record. Without adequate findings it is impossible for the reviewing authority to determine the factual basis upon which the deputy arrived at his conclusion.”
See also Andrews v. Strecker Body Builders, Inc., Fla.1957, 92 So.2d 521, and Hardy v. City of Tarpon Springs, Fla.1955, 81 So.2d 503.
In the Wilkes case supra, this court approved the order of the Full Commission holding that the record of a fellow workman who fell short of the 90% test was not acceptable as a measure by which claimant’s compensation would be measured. We also pointed out that flexibility as to job in question was preserved by work measured at 90% of the “total customary full-time hours.” [92 So.2d 824.]
We express no opinion as to what the customary full time hours were. This is a factual determination to be made by the Deputy Commissioner. His order of July 27, 1956, is lacking in findings of fact to support his conclusion and neither the Full Commission nor this court can properly determine whether it is supported by competent substantial evidence under the rule of U. S. Casualty Co. v. Maryland Casualty Co., Fla.1951, 55 So.2d 741.
We think the petition for certiorari should be granted, that the order of the Full Commission should be quashed and the cause remanded to the Deputy Commissioner for further consideration of the weekly wage of claimant consistent with this opinion. It is so ordered.
Petitioner’s counsel is awarded attorney’s fee in the sum of $250.
HOBSON, DREW and O’CONNELL, JJ., concur.