TERRELL, Justice.
December 31, 1956, William B. Leonard,, hereinafter referred to as the claimant, fell from a building and injured his right leg and hip. It is admitted that the accident was compensable, so the carrier voluntarily paid temporary total disability benefits, medical c^re and permanent partial (disability benefits on the basis of 30% permanent partial disability. It is further admitted' that the claimant was fifty-one years old and that he reached his maximum medical improvement January 3, 1958.
Claim was filed for permanent partial disability benefits in the amount of 75% permanent partial disability. After hearing and making findings of fact, the deputy commissioner entered judgment August llr 1959, wherein he found the claimant to be permanently and totally disabled of which the carrier and employer were responsible for 50% thereof. He awarded claimant’s counsel $3,000 attorney’s fee and ordered the carrier to pay claimant 50% of his permanent total disability from January 3, 1958, the date he reached maximum medical improvement until fully paid.
August 21, 1959, the carrier timely filed application for review of the compensation order so entered by the deputy, but by said *138 application for review it raised the sole question of excessive attorney’s fees. September 4, 1959, the carrier filed an amended application for’ review, to which claimant filed a motion to dismiss contending that same was not timely filed as required by § 440.25(4) (a), Florida Statutes, F.S.A., and that same was not filed in accordance therewith inasmuch as there is no provision therein for making an amendment to an application for review. The amended application sought to have the award reviewed.
The compensation order of the full commission, inter alia, granted the claimant’s motion to dismiss the “amended application for review,” upon the grounds stated therein, but modified the compensation order of the deputy commissioner and ordered the carrier to compensate claimant for 50% permanent partial disability giving as its reasons therefor the following:
“It would appear at first blush that the Deputy intended to find that the claimant was permanently totally disabled within the meaning of Section 440.151 [F.S.A.]. However, the Deputy went on to find that only 50 per cent of claimant’s disability was attributable to his injury, and therefore, as a matter of law, this disability is not total but only partial since the claimant is only. 50 per cent permanently partially disabled as a result of his industrial accident.”
This modification allegedly resulted in a reduction of claimant’s award approximating $11,000.
In this state of the record, the first question presented is whether or not the Florida Industrial Commission had authority to modify the compensation order made by the deputy commissioner.
The pertinent part of § 440.25(4) (a), Florida Statutes, F.S.A., to this question is i as follows:
“The compensation order rendered by the deputy commissioner shall become final twenty days after the date copies of same are mailed to the parties at the last known address of each, unless within said time any interested party shall make and file with the commission or a deputy commissioner an application for a review thereof by the full commission in accordance with the provisions of this subsection; * * *. The application must state concisely and particularly the grounds upon which the appellant relies, and the consideration of the commission thereof will be confined solely to the grounds so presented.”
It is clear from this statute that the order of the deputy commissioner becomes final unless an application for review thereof is filed within 20 days from the date copies are mailed to the parties. The consideration of the full commission shall be confined to the particular ground or grounds set forth. We find no provision for amending the application for review. Since the deputy commissioner’s order with respect to the award had become final under the statute, the full commission was without authority to consider or amend it. Fournigault v. Jackson Memorial Hospital, Fla.1956, 87 So.2d 102, and H. W. Sperry, Inc. v. Matthews, Fla.1954, 76 So.2d 487.
Section 440.28, Florida Statutes, F.S.A., is not applicable here because, although providing a method of review by the full commission within two years of the last payment of compensation, it is limited in its scope to cases in which a change in condition or a mistake in a determination of fact is involved.
Having reached this conclusion, it becomes unnecessary to discuss other questions raised.
We grant certiorari, quash the order of the full commission and affirm the order of the deputy commissioner on authority of Fournigault v. Jackson Memorial Hospital, Fla.1956, 87 So.2d 102, and H. W. Sperry, Inc. v. Matthews, Fla.1954, 76 So.2d 487, supra.
*139 THOMAS, C. J., and HOBSON, THOR-NAL and O’CONNELL JJ., concur.