PER CURIAM.
The deputy commissioner found that Louis J. Soldo received an injury arising out of and in the course of his employment which resulted in total permanent disability and awarded compensation on that basis. In the same order the'deputy commissioner made an award to the claimant’s attorney of attorney’s fees in the amount of $6,500. On review by the full commission, the award of compensation was approved but the award of attorney’s fees was reduced from $6,500 to $4,000.
Certiorari has been taken to this Court questioning the award of compensation and alleging that the evidence in the record is wholly insufficient to warrant the award of any attorney’s fees.
The record amply supports the action of the full commission in affirming the award of compensation by the deputy commissioner and, as to such award, certiorari is denied.
With reference to the award of attorney’s fees, however, we find no competent evidence in the record to support either the $6,500 award by the deputy commissioner or the $4,000 award by the full commission. Obviously the claimant failed to follow the requirements fixed by this Court in Florida Silica Sand Co., Inc. v. Parker, Fla.1960, 118 So.2d 2, and the opinion on rehearing in Leonard v. Cook & Pruitt Masonry, Inc., Fla.1960, 126 So.2d 136, text page 139, in establishing the necessity for and the reasonable amount of such compensation.
Insofar, therefore, as the awards of attorney’s fees of the deputy commissioner and full commission are concerned, certio-rari is granted with directions to the full commission to vacate the order of the deputy commissioner and remand to the deputy commissioner with directions to take testimony and determine a reasonable fee to be awarded claimant’s counsel in harmony with the views expressed in the two foregoing opinions.
It is so ordered.
ROBERTS, C. J., THOMAS, HOBSON and DREW, JJ., and PARKS, Circuit Judge, concur.