O’CONNELL, Justice.
By petition for certiorari the employer and its carrier, hereinafter referred to as employer, seek review of an order of the Florida Industrial Commission which affirmed, yet modified, an order of Deputy Commissioner Kaiser entered pursuant to his interpretation of a portion of an order previously entered in this cause by Deputy Commissioner Abrams. This sounds complicated and it is.
This cause has a long history but our concern with it here begins with a compensation order dated August 11, 1959 entered by Deputy Commissioner Abrams in which he stated that he found
“ * * * claimant is permanently and totally disabled on a regular wage earning capacity basis and further finds, however, that only 50% of said permanent total disability is attributable to claimant’s injury by accident with the employer herein; thereby entitling claimant to 50% of permanent total disability under authority of Weaver vs. Cornelius and Sons, Commission Decision No. 2-807.”
and then ordered the employer and its carrier to:
“Pay claimant compensation at the rate of $31.49 weekly in and for 50'% of his permanent total disability * * * until fully paid * *
The deputy also ordered payment of $3,-000.00 attorneys’ fees.
The claimant was apparently satisfied with the award, but the employer, within the proper time, sought review of that portion of the aforementioned order which awarded attorneys’ fees. After the expiration of the twenty day period for filing application for review the employer also filed an amended application for review in which it attacked the compensation award made by Deputy Abrams on the grounds that the award was not supported by the law and/or evidence and that the wording of the portion of the order making the award “is vague and framed in such a manner as to be incapable of compliance.”
*546 As explained in this Court’s opinion reported in 126 So.2d 136, involving the same parties and cause, the full commission granted the claimant’s motion to dismiss the abovementioned amended application for review of Deputy Abrams’ order because not timely .filed but nevertheless modified the wording of the order as it pertained to the award of “50% of his permanent total disability”, saying that as a matter of law the award should have been compensation for “50 percent permanent partial disability of the body as a whole, or for a period not to exceed 175 weeks” (emphasis ours). The commission also determined the award of attorneys’ fees was excessive and remanded the cause' to the deputy to determine a reasonable fee.
On review of this last mentioned order this Court in the cited opinion affirmed the commission on the issue of attorneys’ fees, but held that the commission had no authority to consider the correctness of the compensation award since the issue was not timely presented to it.
Therefore when the matter went back to the deputy commissioner for reappraisal of the matter of attorneys’ fees there had been neither review of the compensation award nor interpretation of that part thereof which read:
“Pay claimant compensation at the rate of $31.49 weekly in and for 50% of his permanent total disability * * * until fully paid. * * * ”
After remand the parties amicably settled the matter of attorneys’ fees and the employer’s carrier commenced paying claimant compensation at the rate of one half of $31.49, or $15.75 per week, which it interpreted Deputy Abrams’ order to require.
Claimant’s counsel informed the carrier that they interpreted the pertinent portion of the order to require payments of $31.49 for 50% of claimant’s lifetime rather than 50% of $31.49 for the whole of his lifetime.
To settle this controversy, the parties turned again to a deputy. Deputy Abrams no longer being available, the matter was submitted to Deputy Kaiser.
This deputy entered on order in which he stated that the Act required that compensation be paid for claimant’s lifetime, or until a change of condition was made to appear. He stated that he had not been asked to determine the claimant’s life expectancy and the only issue before him was whether the carrier was authorized to reduce the weekly payments from $31.49 to $15.75.
He ruled that Deputy Abrams’ order specifically required the payment of $31.49 per week and there was no authority in that order, in the order of the commission, or in the opinion of this Court under which the weekly payment could be reduced. Deputy Kaiser ordered the carrier to reinstate the payments at the rate of $31.49, and pay claimant all arrearage on that basis.
The employer again made application to the full commission for review.
In its order on review the commission held that the issues involved had been previously determined and were res judicata. It affirmed the order of Deputy Kaiser requiring the reinstatement of payments in amount of $31.49 per week and then modified the order, saying that the deputy erred in holding that the payments should continue for the whole of claimant’s lifetime. It held that the payments should be paid only during one half of claimant’s lifetime.
The effect of the commission’s last order modifying Deputy Kaiser’s order, which in turn interpreted Deputy Abrams’, is to require the employer and carrier to pay claimant $31.49 a week for a period of time equal to one half of his life expectancy, with no provision being made for determining in months and years what one half of claimant’s life expectancy is or how such period is to be computed. These matters would have to be adjudicated in still another proceeding.
While we may be influenced by the compelling need to write an end to the tortured *547 path this claim has endured, we cannot agree that the issue here involved is res judicata.
As we view this cause the only decision sought and required is an interpretation of the unfortunate wording of that portion of Deputy Abrams’ order above quoted.
This interpretation does not involve the correctness of the findings of fact made by Deputy Abrams, the adequacy of the evidence, or the sufficiency of the findings to support the award. These matters were not presented for review in the previous review of this cause and they must now be accepted as settled.
As we shall point out below, we think this is unfortunate insofar as the claimant is concerned.
We think the decretal portion of Deputy Abrams’ order is incapable of compliance within the provisions of the Act as it existed at the pertinent time and now exists, and the parties had a right to seek an interpretation by Deputy Kaiser, with a subsequent right of review of his order by the full commission followed by this review by certiorari.
The necessity for such an interpretation is illustrated by the fact that in their briefs filed in this cause the petitioners give one meaning to the order and the claimant another; Deputy Kaiser gave the order a third interpretation and the full commission a fourth; and we give it a fifth and, we hope, a last meaning. In its earlier order reviewed here in our opinion reported in 126 So.2d 136 the commission had taken still another view of what Deputy Abrams had intended to award to claimant.
At oral argument before this Court counsel for both parties agreed that the only reasonable interpretation to be given to Deputy Abrams’ award is that it was intended that claimant be paid 50% permanent partial disability under Sec. 440.15 (3) (u), F.S.A. In other words they say that claimant should receive compensation at the rate of $31.49 (60% of claimant’s average weekly wage) per week for a period of 175 weeks (50% of 350, the maximum number of weeks for which compensation is required to be paid under that statute).
We cannot agree with this interpretation. While that portion of Deputy Abrams’ order which specified the award is obviously obscure, the order clearly finds that the claimant is “permanently and totally disabled on a regular wage earning capacity basis.”
This finding of permanent total disability has never been attacked or disturbed. It is corroborated by the record upon which the order was based.
All of this clearly precludes any construction or interpretation which would compensate claimant as one suffering permanent partial disability. While it is true that the' order undertakes to compensate claimant for only part of his disability, this does not alter the total nature of the disability.
It seems quite clear to us that Deputy Abrams made a mistake in applying the applicable law to the facts as he found them to exist, and that this mistake led to the unfortunate wording of the award.
The record of this cause shows that Deputy Abrams and claimant’s counsel questioned claimant about his condition prior to the compensable accident, the breaking of his right leg, which spawned this litigation.
This questioning brought forth testimony that prior to the compensable accident claimant suffered from pains in his lower back and left hip; had had vein surgery to his left leg; had fractured his left hip and pelvis; and had been treated for a suspected condition of arthritis in both knees and his lower back.
The medical testimony showed that claimant suffered a pre-existing limitation of motion in his left hip and that while claimant’s present disability is due to the *548 compensable injury to the right leg the results of this injury were aggravated by the pre-existing condition of his left hip and bade.
The record clearly demonstrates that claimant’s disability, measured in terms of loss of wage earning capacity, is the result of both the pre-existing infirmities which he suffered and the compensable accident and is not the result of the compensable accident alone.
We note here that we have reviewed the record and mention its contents here not for the purpose of determining the correctness of Deputy Abrams’ findings or the sufficiency of the evidence, but rather as an aid in the interpretation of his award.
It is clear that Deputy Abrams came to the same conclusion as we do on the record above mentioned, for while he found that the claimant was permanently and totally disabled he found that only 50% of this condition was due to the accident here involved. It is inescapable that he felt the other 50% was due to claimant’s pre-exist-ing condition.
In requiring the employer-carrier to pay compensation for only 50% of claimant’s total disability that deputy quite obviously, out of a sense of fairness, sought to insure that the employer-carrier would be required to pay only for that part of the disability attributable to the compensable accident involved here. In other words, that deputy sought to apportion the results of the injury pursuant to Sec. 440.02(19), F.S.A. He made this quite clear when he said in his award that claimant should be paid compensation for “50% of his total disability.” Unfortunately his requirement that compensation be paid “at the rate of $31.49 weekly * * * until fully paid” gave the award the uncertainty which in turn led to the confusion above noted.
While it is impossible to say with certainty why Deputy Abrams employed the words used in the award there is a statement in the finding portion of his order which offers a reasonable explanation. Further, it is the only explanation we have been able to find.
In paragraph 3 of his order that deputy, after stating that he had considered the variables affecting wage earning capacity, found claimant to be permanently and totally disabled, found that only 50% of the disability was attributable to the subject compensable accident, and then said that such disability entitled “claimant to 50% of permanent total disability under authority of Weaver vs. Cornelius and Sons, Commission decision No. 2-807.”
The Commission’s order in Weaver v. Cornelius, supra, was entered in April 1959. However, the compensable injury there involved occurred in February 1952, at which time compensation for permanent total disability was limited by the statute to 700 weeks.
In the Weaver case, as in this one, the claimant was found to be permanently totally disabled but only 50% of the' total disability was attributable to the compensable accident. The deputy awarded claimant 50% of 700 weeks and the Commission, one member dissenting, affirmed the deputy. The effect of the deputy’s order was to give the claimant the maximum allowable compensation per week, but for only one half the maximum number of weeks prescribed by the statute.
However, the limitation of 700 weeks compensation for permanent total disability has been eliminated as to all claims arising after July 1, 1955. The claimant here was injured in December 1956, and therefore was entitled to compensation for the continuance of his total disability as provided in Sec. 440.15(1) (a).
We think that the citation of the Weaver case as authority for his award indicates that Deputy Abrams was of the mistaken view that the 700 week limitation was applicable to this claimant.
Had the deputy not been under the impression that claimant was entitled to com *549 pensation for a limited or definitely ascertainable number of weeks or period of time, it does not seem reasonable that he would have ordered payment of $31.49 per week, the maximum payable under the facts of this case, until the amount due claimant “for 50% of his permanent total disability” was “fully paid.” This is so because- the term “fully paid” indicates payment of a definite sum or schedule of payments. It does not indicate the making of payments for an indefinite time.
Quite obviously Deputy Abrams, having determined that the employer should be held responsible for only half of claimant’s total disability, sought to effect this apportionment by requiring that the maximum weekly compensation be paid for only one half of the required period of such disability, rather than by requiring payment of one half of the maximum weekly payments for the entire continuance of the disability.
This method of accomplishing apportionment is reasonable and acceptable where a definite period of time, during which payments must be made, is prescribed by the Act, as it was at the time the Weaver decision was rendered.
But such method of accomplishing apportionment is not authorized under the Act in a case such as this where the number of weeks compensation allowed is not predetermined and limited in the Act.
Sec. 440.15(1) (a) F.S.A. requires that compensation be paid weekly “during the continuance” of the disability, which is an indefinite period of time not susceptible of prior computation with any reasonable degree of exactitude. In such a case it seems to us that the only equitable way in which apportionment may be accomplished under the statute is by visiting the apportionment on the only certain factor, i. e. the weekly compensation, and not on the indefinite factor, i. e. the time during which such payments should continue to be made.
Deputy Kaiser in his order felt bound by the weekly payment figure of $31.49 set by Deputy Abrams but correctly stated that permanent total disability payments were required to be paid for the life of the claimant or duration of the disability. This order required that the employer pay maximum benefits for the maximum period, nullifying Deputy Abrams’ expressed intention to accomplish apportionment.
We hold here that Deputy Kaiser was correct in ordering that the payments should be continued for the duration of the disability, but he erred in not interpreting Deputy Abrams’ order so as to require apportionment of the amount of the payments.
In its interpretation of Deputy Abrams’ order the Commission erred by attempting to give the employer the benefit of the apportionment by reducing the period of payment rather than the amount of the weekly payments. -
As noted above we find no authority in the statute for effecting apportionment by reduction of the number of payments required to be made in a case such as this.
Apportionment by reduction of the period of time during which payments are to be made may well be inequitable in its effect on the employer.
For example, if the Commission’s order be allowed to stand and the employer be required to' pay $31.49 per week for half of claimant’s life expectancy rather than $15.-75 per week for the continuance of the total disability, and if claimant die sooner than expected, then the employer will have been required to pay more than intended by the statute and more than it would have paid had the amount rather than the number of the payments been reduced. This would also be true if the claimant’s condition improved and his total disability ceased prior to the expiration of his life expectancy.
Until such time as the legislature authorizes apportionment by reduction of number of payments based on life expectancy as attempted here, it cannot be done.
*550 For the reasons expressed herein we are required to conclude that Deputy Abrams’ award must be interpreted to require that the employer pay to claimant each week 5Q% of $31.49, or $15.75, during the continuance of his disability.
In conclusion we feel impelled to say that this is a case in which the original deputy might well have required the employer to pay claimant the maximum weekly compensation of $31.49 under the provisions of Sec. 440.15(5) (d) (2), in which event the employer could then have sought reimbursement from the Special Disability Fund for that portion of the payments not attributable to the accident here involved. We think that there was sufficient evidence upon which the deputy could have found that the claimant, prior to the accident here involved, suffered “permanent physical impairment” and that this accident merged therewith to cause a “permanent disability that is materially and substantially greater than that which would have resulted from the subsequent injury or occupational disease alone” so as to bring the claim within Sec. 440.15(5) (d) (2).
It seems to us that such treatment of this claim would have been more in keeping with the intent of the entire Act than consideration of the accident as an aggravation under Sec. 440.02(19), as was done.
However, claimant has apparently always been content to accept the award insofar as it established the percentage of disability for which he is to be compensated. His contention has been limited to the question of how the 50% disability benefits should be paid to him. Consequently, we think the issue is now either the law of the case or res judicata.
For the reasons above expressed the writ of certiorari is issued and the order of the full commission is quashed with directions to remand this cause to the deputy for entry of an order requiring that the employer pay to claimant compensation in the amount of $15.75 per week during the continuance of his permanent total disability. In such order the deputy shall give the employer credit for any sums which may have heretofore been paid in excess of $15.75 per week pursuant to any order of the deputy or the full commission.
It is so ordered.
ROBERTS, C. J., and DREW, THOR-NAL and CALDWELL, TJ., concur.