WIGGINTON, Judge.
Employer/carrier appeal from an order of the deputy commissioner awarding claimant temporary total disability benefits, medical treatment and expenses. The compensability of the injury is not at issue. Rather the issue is whether the deputy erred as a matter of law in his finding of a “similar employee,” pursuant to § ,440.14(l)(b), Florida Statutes (1979), in determining claimant’s average weekly wage. Upon reviewing the record, we answer that question in the affirmative.
The record indicates that at the time of the industrial injury, claimant had been employed as a laminator with employer, AMF Powerboat Division, for slightly more than one month. However, during that time, claimant had worked only a total of nineteen days. The record also indicates that claimant was receiving $4.43 per hour and was considered a full-time employee with a forty-hour work week.
In making its determination of claimant’s average weekly wage on which to base an appropriate compensation rate, the deputy commissioner invoked § 440.14(l)(b) which states:
If the injured employee shall not have worked in such employment during substantially the whole of 13 weeks immediately preceding the injury, the wages of a similar employee in the same employment who has worked substantially the whole of such 13 weeks shall be used in making the determination [of average weekly wage].
After reviewing the submitted wage statements, the deputy chose as a “similar employee” one H. Cullen, also a laminator. However, the record indicates that Ms. Cullen was receiving an hourly wage of $6.05. Indeed, it appears from the wage statements that Ms. Cullen was the second-highest paid laminator for the company at the time of claimant’s industrial accident, there being no similar employee with a wage rate as low as that of claimant.
Accordingly, we hold that the deputy commissioner’s determination of claimant’s average weekly wage based on the wages of a “similar employee” is not based on competent substantial evidence. However, an investigation of the record indicates that there is no “similar employee” on which reasonably or fairly to base a determination of claimant’s average weekly wage. Consequently, it becomes necessary to apply § 440.14(l)(d) which provides in pertinent part:
If any of the foregoing methods cannot reasonably and fairly be applied the full-time weekly wages of the injured employee shall be used ...
The order of the deputy commissioner is therefore reversed, and the case is remanded with instructions to recalculate claimant’s average weekly wage by using her hourly pay rate based on a forty-hour work week.
LARRY G. SMITH and THOMPSON, JJ., concur.