552 So.2d 250 (1989)
Michael J. CARVELL, Appellant,
v.
CAVINESS MOTOR COMPANY, Appellee.
No. 89-376.
District Court of Appeal of Florida, First District.
November 2, 1989.
Rehearing Denied December 5, 1989.
*251 Stephen A. Rappenecker of Stephen A. Rappenecker, P.A., Gainesville, for appellant.
James H. McCarty, Jr. of Langdon & McCarty, P.A., Gainesville, for appellee.
BOOTH, Judge.
This cause is before us on appeal of an order determining claimant's average weekly wage. For the following reasons, we reverse and remand.
Claimant is a used car salesman with approximately 20 years' experience in used car sales and management. The employer hired him as a used car salesman on September 18, 1987. He worked two sixteen-hour days, a four-hour day, and a two-hour day before being injured. The partial days and his failure to work on some of the other days were due to a tooth abscess which kept him out of work. When he returned to work on September 24, a car rolled over his right foot and injured him.
During the 38 hours he worked, claimant earned $749.13 in commissions. There were also five other used car salesmen who were paid at the same commission rate as claimant. Those salesmen earned substantially more than claimant that week and also had higher average earnings for both the past 13 weeks and the prior year. All the salesmen worked at the same location, were part of the same sales crew, and performed exactly the same work. The record also reflects that all salesmen had the option of using a demonstrator automobile immediately upon hiring. If they accepted, their W-2 forms reflected a $125 monthly salary.
Although claimant argued that his average weekly wage should have been calculated under the Section 440.14(1)(b), Florida Statutes, similar employee method, the judge of compensation claims found that method inapplicable and instead applied the Section 440.14(1)(d) actual wages method. The judge also refused to include the value of the demonstrator in the average weekly wage, because claimant never actually used it.
The judge erred in refusing to apply the similar employee wage calculation method. In Coleman v. Burnup & Sims, Inc., 95 So.2d 895 (Fla. 1957), the Supreme Court held that "[t]he proper test to guide one would be to take a `similar' employee who does the same type of work, and one who is working in the same locality, and if possible one who worked in the same crew." Another factor is whether the supposedly similar employee is paid at the same rate as the claimant. AMF Power Boat Division v. Gilchrist, 409 So.2d 159 (Fla. 1st DCA 1982). The record reflects that claimant clearly met each of these tests. All of the salesmen were paid at the same commission rate, and claimant worked in the same locality, at the same type of work, with the same sales crew. See also Patterson v. Whitten, 57 Ala.App. 297, 328 So.2d 301 (Civ.App. 1976).
*252 It was also error to refuse to include the value of the demonstrator automobile in claimant's average weekly wage. The record reflects that claimant was entitled to the car upon beginning his employment but that illness precluded him from ever actually taking possession of the vehicle. Although the mere right to an employment benefit does not mean that benefit must automatically be included in the average weekly wage, Hyatt Hotel v. Peterson, 493 So.2d 1063 (Fla. 1st DCA 1986), claimant was entitled to the demonstrator and did not work long enough to permit a conclusion that he deliberately decided not to accept it. Accordingly, on remand the judge is instructed to include the value of the demonstrator in claimant's average weekly wage.
NIMMONS and ZEHMER, JJ., concur.