SMITH, Judge.
In this appeal of a workers’ compensation claim, appellant argues his average weekly wage was incorrectly calculated. We agree and reverse.
Appellant, ten weeks after commencing his employment, suffered an industrial accident while working as a sales representative at Coral Springs Honda. The E/C paid TTD benefits based on an AWW of $338.74. Appellant filed a claim for an increase in AWW to approximately $500.
Following a hearing, the JCC determined that the only fair and reasonable way to determine AWW was to use appellant’s actual earnings. In so finding, the JCC rejected the 13-week method, as provided by section 440.14(l)(a), Florida Statutes (1987), because appellant had only worked ten calendar weeks prior to the accident. The JCC also rejected, after considerable discussion of the matter, the similar employee method, section 440.14(l)(b), because he believed such a method to be inappropriate when employees work on commission.
This court held in Carvell v. Caviness Motor Co., 552 So.2d 250 (Fla. 1st DCA 1989), that the similar employee method of calculating AWW is to be used even when earnings are by commissions, provided the test put forth in Coleman v. Burnup & Sims, 95 So.2d 895 (Fla.1957), is satisfied. The Coleman test requires that the claimant and other employees should do the same type work at the same locale, and if possible, to work in the same crew. The Carvell court added the factor that a similar employee should be paid at the same rate as the claimant.
The record shows that appellant did the same type of work performed by the four other sales representatives employed by Coral Springs Honda, and he worked in the same dealership as the others and was compensated at the same rate. *8 Accordingly, the JCC erred in not utilizing the similar employee method. On remand, the JCC is directed to make a finding as to which of the four sales representatives employed at the' time of the industrial accident is most similar to the appellant. In the recalculation of appellant’s AWW, the JCC is to take into account the bonuses received by that similar employee.
Accordingly, the finding as to AWW is reversed, and the cause is remanded for recalculation consistent with this opinion.
REVERSED and REMANDED.
WENTWORTH and WIGGINTON, JJ., concur.