PER CURIAM.
This cause is before us on appeal from the judge of compensation claims’ (“JCC”) order denying appellant Taylor’s claim for an increase in his average weekly wage (“AWW”) and corresponding compensation rate. We reverse.
Taylor injured his left knee in a non-com-pensable accident in January of 1991 and had knee surgery in February of 1991. Taylor then injured his right knee in a compensable accident in April of 1991, and later sought adjustment of his AWW calculation arising from the compensable accident. The JCC denied Taylor’s claim for adjustment, finding that Taylor had worked substantially the whole of the 13 weeks preceding his compen-sable accident under section 440.14(l)(a), Florida Statutes (1989), or, alternatively, that his wages during that time satisfied section 440.14(l)(d), Florida Statutes (1989), and calculated his AWW benefits accordingly.
We must reverse because, first, the JCC’s holding that Taylor had worked substantially the whole of the 13 weeks preceding his compensable accident under subsection (l)(a) is not supported by competent, substantial evidence in the record. To the contrary, Taylor’s wage statement (on which the JCC explicitly relied) reflects that, due to absences arising from his non-compensable accident and surgery in January and February of 1991, Taylor did not work substantially the whole of the 13 weeks preceding his compensable accident in April of 1991.
Second, in light of the inapplicability of subsection (l)(a), the JCC further erred by applying subsection (l)(d) instead of subsection (l)(b) to arrive at Taylor’s AWW. Subsection (l)(d) is a “fail-back” provision to be applied only when the “13-week” and “similar-employee” methods under subsection (l)(a) and (b), respectively, are inapplicable. Expicare Nursing Services v. Eudaley, 596 So.2d 126 (Fla. 1st DCA 1992).
In the present case, both Taylor and his supervisor testified that Taylor’s co-worker, Narvez, did the same work as Taylor, was paid the same hourly rate as Taylor, and worked similar hours. We therefore RE *1264 VERSE and REMAND with directions that the JCC incorporate Narvez’s wages in calculating Taylor’s AWW under the “similar employee” method of section 440.14(l)(b). In so doing, the JCC should hot consider any extra hours that Narvez may have worked to make up for Taylor’s absence in the weeks following his non-compensable injury and surgery in January and February of 1991.
REVERSED AND REMANDED WITH DIRECTIONS.
BOOTH, MINER and JOANOS, JJ., concur.