PER CURIAM.
The employer and carrier (E/C) seek review of a workers’ compensation order which determined the claimant’s average weekly wage (AWW) and ordered reimbursement of amounts taken as an offset of the permanent total, disability (PTD) benefits paid based upon the federal social security disability benefits claimant was receiving. We reverse.
The claimant sought a determination of the correct AWW. The parties stipulated, and the judge of compensation claims (JCC) found, that the claimant had not worked substantially the whole of thirteen weeks immediately preceding the injury pursuant to section 440.14(l)(a), Florida Statutes. It appears from the testimony and evidence presented, however, that section 440.14(l)(a) is applicable. The employer’s workers’ compensation manager testified that claimant worked a four-five day schedule each week. Claimant also testified that she worked eight hours per day, and worked four or five days per week. If forty hours per week was the customary number of hours for the job, claimant worked 91.85% of the customary hours during the 13 week period prior to injury.
The E/C had calculated claimant’s AWW based on the wages of a similar employee under section 440.14(l)(b). The E/C used *650 the thirteen-week wage statement of Ms. Mason, who earned $3.60 per hour for three weeks and $3.75 per hour for ten weeks. Ms. Mason worked an average of 43.94 hours per week during the relevant period. The JCC stated in his order that the uncontro-verted testimony of the parties was that Ms. Mason and the claimant worked the same or similar hours. The employer’s workers’ compensation manager, however, testified that Ms. Mason worked a five-six day schedule, while claimant worked a four-five day schedule, so that there would be one day difference between the two employees each week. Additionally, the claimant earned $4.25 per hour at the time of injury. Accordingly, Ms. Mason was not a similar employee for purposes of section 440.14(l)(b).
The JCC calculated claimant’s AWW using 43.94 hours per week, based on the hours of the “similar” employee, and the claimant’s actual rate of pay. It is not clear from the order whether the JCC calculated AWW using the wages of a similar employee pursuant to (l)(b) or made the calculation pursuant to section 440.14(l)(d).
We reverse the determination of average weekly wage. On remand, the JCC should either apply section 440.14(l)(a) or make findings regarding why (l)(a) is not applicable. If it is determined that (l)(a) is not applicable, the E/C should be given an opportunity to present evidence regarding the wages of a similar employee. If neither (l)(a) nor (l)(b) can be applied, the JCC should then determine AWW pursuant to (l)(d).
The JCC found that the social security offset taken by the E/C was incorrect, based on the E/C’s improper calculation of AWW and the fact that the E/C’s calculation did not account for supplemental benefits. The JCC also noted that the E/C presented no testimony or evidence to indicate that they had obtained the information necessary from the Social Security Administration to determine the appropriate offset. Accordingly, the E/C was ordered to reimburse claimant the amounts taken as an offset.
We agree with the E/C that all necessary information from the Social Security Administration had been acquired. Once AWW is determined on remand, the correct offset shall be calculated in accordance with the formula set forth in Hunt v. D.M. Stratton, Jr., 677 So.2d 64 (Fla. 1st DCA 1996), and the E/C ordered to reimburse to claimant any difference between the correct offset amount and the amount actually taken.
REVERSED and REMANDED.
BARFIELD, C.J., and DAVIS and BENTON, JJ., concur.