PER CURIAM.
Sonny Glassbrenner, Inc. and Claims Center, the employer/earrier (collectively the “E/C”), seek review of the Final Order of the judge of compensation claims (“JCC”), raising six issues on appeal. We find no merit in the E/C’s first four arguments. However, we agree with the E/C that the JCC erred in calculating claimant’s average weekly wage (“AWW”) and in ordering the E/C to reimburse claimant, Anthony Dowling, for a disabled parking permit. We, therefore, reverse the Final Order in part and remand.
After sustaining a work-related injury, claimant sought, among other benefits, the correction of his AWW and reimbursement for a disabled parking permit. Because claimant only worked for the employer for approximately one week before being injured, the JCC applied section 440.14(l)(b), Florida Statutes (2001), in calculating claimant’s AWW. Section 440.14 provides in part:
(1) Except as otherwise provided in this chapter, the average weekly wages of the injured employee at the time of the injury shall be taken as the basis upon which to compute compensation and shall be determined, subject to the limitations of s. 440.12(2), as follows:
(a) If the injured employee has worked in the employment in which she or he was working at the time of the injury, whether for the same or another employer, during substantially the whole of 13 weeks immediately preceding the injury, her or his average weekly wage ■shall be one-thirteenth of the total amount....
(b) If the injured employee has not worked in such employment dttring substantially the whole of IS weeks immediately preceding the injury, the wages of a similar employee in the same employment who has worked substantially the whole of such 13 weeks shall be used in making the determination under the preceding paragraph.
[[Image here]]
(d) If any of the foregoing methods cannot reasonably and fairly be applied, the full-time weekly wages of the injured employee shall be used....
(Emphasis added).
As the E/C contends, the JCC erred in applying subsection (l)(b), the similar employee provision, because the employee chosen as the similar employee earned $10.50 per hour while claimant earned only $10 per hour at the time of his injury. See Lil' Champ Food Stores v. Ross, 682 So.2d 649, 650 (Fla. 1st DCA 1996) (holding that the JCC erred in calculating the claimant’s AWW based upon the similar employee provision because, while the claimant earned $4.35 per hour and worked a four-five day schedule, the “similar” employee earned $3.60 per hour for three weeks and $3.75 per hour for ten weeks and worked a five-six day schedule); AMF Powerboat Div. v. Gilchriét, 409 So.2d 159, 160 (Fla. 1st DCA 1982) (holding that the JCC erred in applying the similar employee provision in calculating the claimant’s AWW because the claimant earned $4.43 per hour with the employer while the “similar” employee earned $6.05 per hour). Cf. Taylor v. Certified Poultry & Egg Co., 651 So.2d 1262, 1263 (Fla. 1st DCA 1995) (holding that the JCC erred in declining to apply the similar employee provision because the claimant’s co-worker did the same work as the claimant, was paid the same hourly rate as the claimant, and worked similar hours); Hilton v. Coral Springs Honda, 572 So.2d 7, 7-8 (Fla. 1st DCA 1990) (holding that the JCC erred in declining to apply the similar employee *84 provision because the record showed that the claimant did the same type of work performed by the other four sales representatives, worked in the same dealership as the others, and was compensated at the same rate); Carvell v. Caviness Motor Co., 552 So.2d 250, 251 (Fla. 1st DCA 1989) (noting that a similar employee is one who does the same type of work and gets paid at the same rate as the claimant). While claimant may have earned $10.50 per hour at some time in the future, he was earning only $10 per hour at the time of his injury. Thus, the similar employee provision is not applicable in this ease.
We also agree with, the E/C that the JCC erred in ordering it to reimburse claimant for a disabled parking permit, given that claimant did not request that the E/C furnish him with the permit before he purchased it and given that neither the nature of claimant’s injury nor the medical reports reflected a need for the permit. See § 440.13(2)(c), Fla. Stat. (2001) (providing that an employee is not entitled to recover any amount personally expended for treatment or a service unless he or she has requested the employer to furnish the treatment or service and the employer fails, refuses, or neglects to do so or unless the nature of the injury requires the treatment or service and the employer neglects to provide such); Stoffel Plumbing, Inc. v. Smith, 570 So.2d 1099, 1100-01 (Fla. 1st DCA 1990) (holding that the JCC erred in directing the E/C to reimburse the claimant’s attorney for payment of the claimant’s psychiatrist’s bill because the claimant had not requested authorization for such and neither the nature of the claimant’s injury nor the medical reports reflected any need for psychiatric involvement).
Accordingly, we AFFIRM in part, REVERSE in part, and REMAND with instructions that the JCC apply section 440.14(l)(d) in calculating claimant’s AWW.
DAVIS, BROWNING and LEWIS, JJ., concur.